UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOSEF ADLER,<br><br>                Plaintiff,<br><br>vs.<br><br>LAKELAND BANCORP, INC.,<br><br>                Defendant. | Case No.: |

Plaintiff Yosef Adler ("Plaintiff"), by his undersigned attorneys, alleges the following based upon personal knowledge as to his own acts and information and belief as to all other matters, based upon the investigation conducted by and through his attorneys:

### NATURE OF THE ACTION

1. Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, lists information required to be in a proxy statement pursuant to 15 U.S.C. § 78n(a), and requires that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed" certain information must be furnished to shareholders.

2. Defendant Lakeland Bancorp, Inc. ("Lakeland" or the "Company") furnished shareholders with a definitive proxy statement issued through the Securities and Exchange Commission's ("SEC") Electronic Data Gathering, Analysis, and Retrieval system ("EDGAR") on Schedule 14(a) on April 9, 2018 (the "Solicitation")[1] which included six shareholder proposals. Of those proposals, the second proposal ("Proposal 2") seeks shareholder action, by way of a vote, for "[a]pproval of the Company's 2018 Omnibus Equity Incentive Plan[.]"

---

[1] The Solicitation states that its "Approximate Mailing Date is April 9, 2018[.]"

3. According to the Solicitation, if approved, the Lakeland Bancorp, Inc. 2018 Omnibus Equity Incentive Plan (the "2018 Plan" or the "Plan") "will succeed the Company's 2009 Equity Compensation Program (the "2009 Plan"), which will expire on February 11, 2019, and enable the Company to continue to use equity and equity-based awards to incentivize officers, employees and directors to promote the success and growth of the Company. If the 2018 Plan is approved, no new awards will be granted under the 2009 Plan."

4. As described below, Proposal 2 does not comply with the SEC's disclosure requirements for proxy statements, codified at Item 10(a)(1) of 17 C.F.R. § 240.14a-101.

5. Because of Defendant's non-compliance with 17 C.F.R. § 240.14a-101, Plaintiff, a shareholder of the Company whose vote is solicited, brings this stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78n(a), and the rules and regulations of the SEC, to enjoin a vote by its shareholders on Proposal 2 in the Solicitation for the annual meeting of Lakeland shareholders scheduled for May 9, 2018 (including any adjournments or postponements thereof, the "Annual Meeting").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

7. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8. Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue in this case occurred because numerous Solicitations, including Plaintiff's, were or will be mailed to Lakeland shareholders residing in this District.

## PARTIES

9. Plaintiff, a Lakeland shareholder as of the close of business on March 22, 2018 (the "Record Date"), is entitled to notice of, and to participate in and vote at, the Annual Meeting.

10. Lakeland operates as the bank holding company for Lakeland Bank, which provides financial products and services for individuals and small to medium sized businesses. As of January 26, 2018, the Company operated 53 branch offices. Lakeland's common stock trades on the NASDAQ under the ticker "LBAI" and, as of the Record Date, there were 47,455,865 shares outstanding.

## Wrongful Acts and Omissions

11. Lakeland has scheduled its annual shareholders' meeting for May 9, 2018. According to the Solicitation, Lakeland's Board of Directors (the "Board") established the Record Date as March 22, 2018.

12. Proposal 2 requests that Lakeland's shareholders "[a]pprov[e] the [Plan.]"

13. The Company is seeking shareholder approval of Proposal 2, in part, because:

> The Board believes the 2018 Plan is in the best interest of shareholders and recommends that shareholders approve the 2018 Plan. The 2018 Plan will enable the Company to continue to properly motivate officers, employees and directors through equity-based incentives. Although there are approximately 1,109,000 shares of common stock available for awards under the 2009 Plan, the 2009 Plan will expire on February 11, 2019, and without implementation of a replacement equity plan, the Company will be unable to make new grants of equity-based awards and lose a critical tool for recruiting, retaining and motivating key personnel. Without the new 2018 Plan, the Company will be at a competitive disadvantage in attracting and retaining talent.
>
> We anticipate that the proposed share pool for new grants under the 2018 Plan, if shareholders approve this proposal, will enable the Company to make awards under the 2018 Plan for

approximately five or six years. Based on an analysis by McLagan, an Aon Hewitt company, an independent outside compensation consultant retained by the Compensation Committee of the Board, the Board believes that the possible dilutive impact of the proposed share pool (approximately 4.0%) is reasonable.

14. Proposal 2 further states, in part:

   If shareholders approve this proposal, the 2018 Plan will:

   - Authorize the Company to issue up to 2,000,000 shares of our common stock under the 2018 Plan, which includes approximately 1,109,000 shares of common stock currently available for issuance under the 2009 Plan but not used.

   - Allow for awards of options (both incentive stock options (ISOs) and nonqualified stock options, stock appreciation rights (SARs), restricted stock, restricted stock units (RSUs), other stock-based awards and cash based awards.

   - Allow all of the authorized number of shares available to be granted as ISOs.

   - Limit annual awards to each non-employee director under the 2018 Plan to $150,000 in grant date fair value.

   * * *

**Questions and Answers About the 2018 Plan**

This summary is qualified by reference to the complete text of the 2018 Plan, which can be found in Appendix A on page A-1 to this proxy statement.

**Who can participate in the 2018 Plan?**

All officers, employees and non-employee directors of, and consultants and advisors to, the Company and its subsidiaries are eligible to participate in the 2018 Plan.

**Who administers the 2018 Plan?**

The 2018 Plan is administered by the Compensation Committee of the Board. The Compensation Committee is authorized to grant awards under the 2018 Plan and to determine the terms and

conditions of each award, prescribe, amend and rescind rules and regulations relating to the 2018 Plan, and amend the terms of awards in any manner not inconsistent with the 2018 Plan, including accelerating the vesting of any award (provided that no amendment may reduce or reprice the exercise price of outstanding options or SARs). The Compensation Committee has the authority to make any determination or take any action that it deems necessary or desirable to administer the 2018 Plan, and also has the sole discretion to interpret the 2018 Plan and all award agreements. The Compensation Committee is permitted to delegate to officers and employees authority to grant options and other awards to employees (other than themselves), subject to applicable law and restrictions in the 2018 Plan.

* * *

**What adjustments can the Compensation Committee make under the 2018 Plan?**

**ANTI-DILUTION ADJUSTMENTS.** In the event of certain corporate transactions affecting the Company's outstanding common stock — such as a dividend, recapitalization, stock split, merger, consolidation, split-up, spin-off, or exchange of shares — the Compensation Committee will make adjustments as it deems appropriate to prevent dilution or enlargement of 2018 Plan benefits. This could include changes to the number and type of shares to be issued under the 2018 Plan and outstanding awards, the exercise price of outstanding awards, and 2018 Plan limits on the number of shares that can be the subject of awards to non-employee directors for a year.

**PERFORMANCE CRITERIA ADJUSTMENTS.** The Compensation Committee may adjust performance award criteria in recognition of unusual or infrequently recurring events affecting the Company or its financial statements or changes in applicable laws, regulations, or accounting principles.

**What's the duration of the 2018 Plan?**

If this proposal is approved, the 2018 Plan will expire on March 22, 2028, such that no award may be granted under the 2018 Plan after that date.

15.   Proposal 2 does not provide the legally required information because it does not provide sufficient information for Lakeland stockholders to understand how many participants

5

are eligible to participate in the Plan, and thus it does not comply with Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, which requires:

> *Item 10. Compensation Plans.* If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> **(a)** *Plans subject to security holder action.*
>
> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

16.     Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 2 only tells stockholders the following about who will receive these awards:

> **Who can participate in the 2018 Plan?**
>
> All officers, employees and non-employee directors of, and consultants and advisors to, the Company and its subsidiaries are eligible to participate in the 2018 Plan.

17.     The Solicitation omits the approximate number of persons who qualify as eligible participants under the Plan.  While the Solicitation states, elsewhere under "Pay Ratio Disclosure" "as of December 31, 2017, our employee population consisted of approximately 652 employees, all of whom are located in the U.S. Our employee population consisted of our full-time, part-time and temporary employees[,]" it does not provide an updated amount or state anything about the Company's subsidiaries' employees who are eligible to participate in the Plan. Because the Company's most recent Form 10-K lists approximately thirteen subsidiaries,[2] and employees of those subsidiaries are also be eligible to participate in the Plan, and because there is no mention of the amount of consultants and advisors to the Company and its

---

[2] www.sec.gov/Archives/edgar/data/846901/000084690118000005/lbai12312017ex-211.htm

6

subsidiaries eligible to participate in the Plan, the Company must indicate the approximate number of persons in each class of persons who will be eligible to participate therein, and state the basis of such participation to comply with Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101.

18. Additionally, the Solicitation attached the 2018 Plan as "Appendix A". Appending A is further inconsistent with the language of Proposal 2 because Proposal 2 states that "consultants and advisors to, the Company and its subsidiaries are eligible to participate in the 2018 Plan" while the Plan states defines "Eligible Person" to be "any person who is an employee, officer, director, consultant, advisor or other individual service provider of the Company or any Subsidiary, or any person who is determined by the Committee to be a prospective employee, officer, director, consultant, advisor or other individual service provider of the Company or any Subsidiary." This discrepancy must be addressed, and the amount of "other individual service provider[s]" eligible to participate in the Plan should also be disclosed.

19. As a result of the above defects, the Solicitation does not identify each class of persons who will be eligible to participate therein and identify how many participants may be awarded the 4% of the Company's shares that Lakeland's stockholders are being asked to approve or the basis of their receipt of such awards.

20. This contravention of the SEC rules renders the Solicitation unlawful under § 14(a) of the Exchange Act.

21. The preceding paragraphs state a direct claim for relief against Lakeland under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

22. As a result of these actions, Plaintiff will be injured, and he has no adequate remedy at law. He will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 2,000,000 shares, or almost 4% of the Company's outstanding equity, worth approximately $40 million be granted to an unknown number of persons who qualify as Eligible.

23. It is necessary for the Court to take action to enjoin the vote beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the Annual Meeting would be impracticable.

24. To ameliorate injury, injunctive relief is required in the form of the Court ordering that a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1), and which is timely furnished to shareholders.

25. Lakeland should be enjoined from presenting Proposal 2 for a stockholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proposal 2 unless the appropriate amendments are timely made.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against Lakeland, as follows:

(A) A preliminary and permanent injunction, enjoining Lakeland from:

    i. presenting Proposal 2 for a shareholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

    ii. certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Lakeland stockholder in connection with Proposal 2 in the Solicitation unless

a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

(B)    A preliminary and permanent injunction requiring Lakeland to furnish a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1);

(C)    A preliminary and permanent injunction enjoining Lakeland from otherwise proceeding at its Annual Meeting, or at any other time, in a manner inconsistent with Item 10(a)(1);

(D)    Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of Lakeland's shareholders to the extent that a common benefit is conferred, and;

(E)    Granting such other and further relief as this Court may deem just and proper.

Dated: April 23, 2018

                                          STULL, STULL & BRODY

                                           /s/ Michael J. Klein
                                          Aaron L. Brody
                                          Michael J. Klein
                                          6 East 45th Street
                                          New York, NY 10017
                                          Phone: (212) 687-7230
                                          Fax: (212) 490-2022
                                          abrody@ssbny.com
                                          mklein@ssbny.com

                                          *Attorneys for Plaintiff*